IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MATTHEW LEE ROWELL, AIS 165526, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WINFIELD S. FISHER, et al., )<br>)<br>Defendants. ) | Case No. 2:22-cv-650-WHA-CSC<br>(WO) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Matthew Lee Rowell, a state inmate at the Easterling Correctional Facility, filed this civil action alleging medical malpractice in the medical treatment he received in August and September of 2014 at the UAB Medical Center in Birmingham, Alabama, which is within the jurisdiction of the United States District Court for the Northern District of Alabama. Doc. 1. Rowell names as defendants Dr. Winfield S. Fisher, a neurosurgeon at the UAB Medical Center; "Dr. John Doe," a training doctor at the UAB Medical Center; and the UAB Medical Center itself. Upon review, the Court finds that this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).[1]

---

[1] Upon filing this action, Rowell did not submit the filing and administrative fees, nor did he file a motion in support of a request for leave to proceed in forma pauperis. The assessment and collection of any filing fees, however, should be undertaken by the United States District Court for the Northern District of Alabama.

## I. DISCUSSION

An inmate's civil action "may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a).

The actions about which Rowell complains occurred within the jurisdiction of the United States District Court for the Northern District of Alabama. The factual allegations in his complaint reflect that the named defendants are located in the Northern District of Alabama. Thus, the majority of material witnesses and evidence associated with the claims relevant to Rowell's allegations are likely to be located in the Northern District of Alabama. Rowell describes no events or omissions giving rise to his claims that occurred in the Middle District of Alabama, and he identifies no other basis for proper venue here.

In light of the foregoing, the Court concludes that in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.[2]

---

[2] In recommending transfer of this case, the Court makes no determination with respect to the merits of Rowell's claims.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).

It is further

ORDERED that by December 15, 2022. Rowell may file an objection to the Recommendation. Any objection must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 1st day of December, 2022.

/s/  Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE